on behalf of the appellant, Mr. Garcia. Consistent with the court's order, I'm going to focus my comments on the duplicity issue rather than the sentencing issue. I want to start with a few remarks about the standard of review. Government counsels indicated that he believes the standard of review is abuse of discretion. I think that's clearly wrong. This is an issue in the first instance of whether or not the indictment was duplicitous, which is clearly a legal issue. There would be no cause to apply abuse of discretion to standard of review. Then the question becomes, if the indictment was duplicitous, was either of the two remedies set out in Ramirez-Martinez employed, either an election by the government or unanimity? Neither was employed, so there's really not any issue of whether or not it was abuse of discretion not to apply a unanimity instruction by the district court. It's really the issue is whether or not the indictment was duplicitous. Fairly legal question. The NOVA review is appropriate. Turning to merits, the argument here is quite simple. Rule 8 of the Federal Code states that two offenses in one count. Ramirez-Martinez makes clear that the analysis is really, do you have two things charged in one count that have different elements? And this Court's opinions in Sayette City and Delgado make clear that the elements of a substantive offense and an aiding and abetting of that substantive offense are different. And if the Court just looks at the excerpt of the record, the instructions given in this case, which are at 99 to 107, the elements, even as given by the Court, are clearly different. Now, one of the things the government counsel has said as well, Ramirez-Martinez is an attempt case, not an aiding and abetting case. But it's interesting, noted in Sayette City on 107F3rd at 1412, they say our aiding and abetting cases are parallel by our cases dealing with attempts. The attempt in aiding and abetting, the augmented specific intent requirement being the most obvious thing, would create a parallel situation, that you have a different element based on the mens rea. Of course, aiding and abetting arguably has some other different elements if you go down the elements and compare the two. Therefore, you have two different offenses. They're duplicitous. There were two potential remedies the government didn't seek either of them. Mr. Burns, why isn't aiding and abetting simply a way of being liable as a principle, whereas attempt is obviously a very different animal? Aiding and abetting has been traditionally thought of as embedded in the crime charge. It certainly is in the Federal scheme of things. Well, I think there are a few different answers to that. First of all, the degree of liability isn't really the question, because, of course, for Ramirez-Martinez, the attempt, the liability would be the same. And even if there were lesser liabilities, such as a lesser-included offense, the government still is not entitled to charge a lesser-included offense in the same count of an indictment as a regular offense. But the real question is, are there separate elements? And there are separate elements here. Whether or not it's embedded, I think that that's a little bit of a trap that could be fallen into, because 18 U.S.C. Section 2 says they're liable as a principle. Well, all that's saying is that aiding and abetting liability is available. But what this Court has said very clearly are the elements of aiding and abetting liability, and has made clear that those elements are separate. So, therefore, they're separate offenses. You know, the whole idea of, well, it's embedded, the offense. One of the questions I anticipated that the Court might have is that there's this long string of case law that says it's implied. Aiding and abetting is implied in every indictment. And I think that there are a number of answers to that. The first one is, well, if the government doesn't charge it duplicitously, like they did in this case, and it's just implied, it's just in the background, that's a pleading rule that allows the government an option to later on use aiding and abetting if they seek to. If they do seek to, because that's the appropriate theory, they will elect that. And then there won't be a problem, because that's one of the two alternative remedies for Ramirez-Martinez. They will elect the aiding and abetting remedy just by picking it. Now, if it's in the indictment, if they charge it duplicitously, well, what do they do in that case? Well, it's not an instance where it's implied in the indictment. It's actually put in the indictment. They've chosen to put it in there. And the simple remedy is to do what Ramirez-Martinez requires. Either pick one, either elect between one or the other, or have the jury decide unanimously. And this really isn't a big problem for the government. First of all, of course, as we all know, something like 95 percent of federal cases plead. How many are going to have this sort of duplicitous indictment? And how many are going to have such a duplicitous indictment in which the government is unable to pick their theory? And if they can't pick their theory, I think an interesting point made by the Supreme Court in Richardson is, if they can't pick their theory, if they can't prove up what their specific theory of the case is, that's indicative that they've had some problem with the case. And it's not indicative that they should be indulged because they can't figure out what their theory should be asked to focus. Which of these things do you think happen? What's your view on Shad v. Arizona? Well, I think that that's a red herring. That's a means versus elements test. And this is clearly elements. The Ninth Circuit is clear that the elements between aiding and abetting and the substance of offense are different. It's not different means. And I believe that the – I can't recall the name, but I believe the case that the government relied on most from the Ninth Circuit in that context talked about an instance in which there was some question as to how the person aided and abetted. Did they command? Did they procure? Did they give some sort of encouragement, something like that? Well, those are all different ways that you can aid and abet. Those are means of aiding and abetting. Those are not elements of aiding and abetting. The elements are clear and the Ninth Circuit is clear that the elements are separate from the substance of offense. If there are no further questions, I'll reserve the rest of my time. Your Honor. Good morning, Your Honors, and may it please the Court. Joseph Nguyen on behalf of the United States. The issue that the Court has asked us to address is whether or not the conviction of the appellant in this case was proper in light of the District Court's refusal to give a specific unanimity instruction. The Court claims that the indictment was duplicitous because it alleges both the substantive offense of bringing it into as well as transporting illegal aliens and aiding and abetting. They assume that because of this, because of this notion of elements, which they toss out as talisman, elements, elements, elements, that a unanimity instruction must be required and reversal is required as a result. The government disagrees. It believes that the District Court was correct. The issue is not, as an appellant would argue, are there different elements, are there different elements under Ramirez-Martinez, but more fundamentally, under Ramirez-Martinez, are these two distinct and separate offenses? There is no disagreement, actually, between the appellant and the government. We both say and cite to Ramirez that an individual cannot be charged in one count with two separate and distinct offenses. It's cited in their brief and ours as well. So first and most fundamentally, is aiding and abetting a separate offense? And I believe under Ramirez-Martinez, it is clear. Aiding and abetting is not a separate offense. In fact, at page 911, I invite you to look at that. Section 2 of Tile 18 does not define a separate offense, but rather makes it unlawful to aid or abet another in the commission of a substantive offense. I believe it goes exactly to what Your Honor was referring to in page Reimer, which is this is a theory of liability is not a separate offense. That ends the analysis there. Now, if you were to accept it as a separate offense, then you would go into an elements analysis, and I think the government would have some issues with that at that point. Well, what would you say if the jury were, post-conviction, were interviewed and it turned out that half of them thought that the defendant was the main man in this case and was the driver and instigator, and the other half of them thought he was just along for the ride? I would say that if they convicted him in this case, Your Honor, that they found appropriately that he is guilty either as an aid or abetter or as a main person under the theory of aiding and abetting. As under aiding and abetting, he's guilty of that. So it's your theory that it's immaterial whether he was a – well, at common law, he might have been an accessory before the fact or something. But it's immaterial if – whether he was the principal offender or just along giving aid and comfort to the driver. I do believe that, Your Honor, under Ninth Circuit law, and I think it's pretty clear that, the case law indicates that the jury does not have to be unanimous in the theory under which an individual is found guilty of an offense. Again, the underlying claim is it's only one offense. Well, the Supreme Court might have agreed with you in that Schott case. I – it's hard for me to figure out exactly what – because they sort of conflated the – his whole argument into a due process argument and said no harm, no foul, because it was a – it was a habeas from a state court conviction. And I agree, Your Honor. In the shadow, looking at the factual analysis of it, it was a question of first degree murder and different theories under which someone can be found guilty of that type of murder. And that's what we believe it is. Very persuasive. Additionally, we would point to a case I recently found, and unfortunately did not include in my brief. I can provide a 28J letter to that subsequently, which is U.S. v. Vandering, and that – my apologies, Your Honor, I had to cite here. That's at 50 F. 3rd, 696. That's also a Ninth Circuit case from 1995 in which – 696? 696. Thank you. And that's a Ninth Circuit case that went as far as to say that even when a jury is informed about the aiding and abetting to an offense, they don't even have to be told to which count that applies to. That they can – that the general aiding and abetting, as Judge Reimer indicated, applies throughout, to all counts, regardless of whether or not it's charged, and that the judge doesn't even have to tell the jury which count it applies to. So again, the position from the government, quite simply, is it's not a different offense. We do rely on Ramirez-Martinez, which says if there are two separate and must be some kind of election or some kind of cure, but they're not separate offenses. And with respect to the remaining arguments by the government as to waiver or what have you, we would submit if there are no further questions. All right. Thank you. Mr. Burns. The government says that Pelham is throwing around elements as a talisman, but the government says that they're not separate offenses. I don't know how else to determine if something is a separate offense other than to look at the elements. That's the basis of the Blockburger test. That's how you determine if they're separate offenses. And they clearly have different elements. The government doesn't dispute that. So I would ask, what would be the alternative test for discerning if things are different offenses than if they have different elements? The government also says that Ramirez-Martinez decides this case. I don't know where the government is getting that. I was counseling Ramirez-Martinez.  So certainly, it's not decided by either of those cases. The question that Judge Goodwin asked is, is it immaterial what the jury found? If they found aiding and abetting or if they found a substantive offense? Well, of course it's immaterial. If the answer was, well, if they found that he was guilty of something in the statute or something that could be embedded in the statute through 18 U.S.C. 2, then he's guilty and he's convicted. If that were how things were, then Ramirez-Martinez would be flat out wrong because attempt is in the statute and the offense is in the statute. So arguably, all the jurors there could conclude that. Well, there are many substantive differences, aren't there, between an attempt and which theoretically aborts before it's completed and an aiding and abetting, which is participation in a completed crime. I think that the important thing is they're both kind of incipient offenses. The defendant in either case doesn't necessarily go through with the crime. And so that's a requirement for these additional elements in both contexts. And that's what makes them separate and different from the substantive offense itself. But again, the means-elements distinction that Shadd and Richardson are talking about clearly can't apply here because the Ninth Circuit has made clear that the elements are different. So even if I'm waving around elements as a talisman, certainly Shadd and Richardson made clear that the elements are different. Whether or not that's significant to the court, I think it should be. But that's something that's very much clear, that this is not a means distinction, such as if someone takes it by force, did they take it by a gun or a knife? That's a means distinction. This is an elements distinction, clearly different elements under this court's case law. And I want to close with something practically because there might be a question of, well, wasn't he guilty of something anyway here? Why does it matter, sort of in a harmless error analysis? That doesn't apply under Ramirez-Martinez. If the indictment was duplicitous, it had to be one of these two remedies of either election or unanimity. But there practically was an important difference here in not having the government elect and not having the notice that went along with that. And that's this. The A2 offense, the Bring II offense, is a minimum mandatory punishable offense of three years. The other offense, the transport offense, is not. Especially after this court's decision yesterday in Ameline, that could be very significant. The judge could, on resentencing, go much lower than 37 months. With the min-man on the Bring II offense, the judge couldn't. He could go a month lower. So that's very important. And if you look at the verdict here, there's some real problems. The jurors convicted based on the alien in the first truck, the lead truck, which was stopped and a bunch of people jumped out, which the government never contended my client was driving. That doesn't really make any sense. Even on a substantive basis, he wasn't driving the truck. He wasn't leading the two trucks. So there's no aiding and abetting. That verdict on that count doesn't make any sense. And when you start to unravel the verdict from there, well, then what did they conclude about the second truck? Did they conclude that he aided and abetted the entry, or the Bring II? Or did they conclude that he actually brought them to, which wouldn't make sense. So there was really no aiding and abetting evidence on the Bring II. The most there was, the most compelling evidence was on one count of transport of that second vehicle, the person involved in that second vehicle, Mr. Gutierrez. So there's a real problem here in that there was no specificity on any of these things, so the jurors could focus on what they thought really happened and come out with, based on the facts presented by the government and the light most favorable to the government, would have been a conviction on one count, the substantive transport count, which again would make a big difference in remand and resentencing. Okay. Thank you, counsel. The matter just argued will be submitted in the next year argument in Persak versus County of San Diego.
judges: Goodwin, Magill, Rymer